UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARIBALDI MASI,

                        Plaintiff,                    04 Civ. 6087 (RJH)

        -against-

                                                 **MEMORANDUM OPINION**
WILLIAM STEELY AND                        **AND ORDER**
EQUINOX HOLDINGS, INC.,

                        Defendants.

        By letter dated June 15, 2007, pro se plaintiff Garibaldi Masi asked this Court to reconsider its Memorandum Opinion and Order issued June 12, 2007, dismissing the Complaint in its entirety for failure to comply with discovery orders.

        The Court construes plaintiff's letter as a motion for reconsideration pursuant to Local Civil Rule 6.3, which provides, in pertinent part, that a notice of motion for reconsideration or reargument "shall be served with . . . a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked."  "Thus, to be entitled to reargument and reconsideration, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . . [A] party may not 'advance new facts, issues or arguments not previously presented to the Court.'" *Hamilton v. Garlock, Inc.*, 115 F. Supp. 2d 437, 438–39 (S.D.N.Y. 2000).  A motion for reconsideration "is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Initial Pub. Offering Antitrust Litig.*, No. 01 Civ. 2014 (WHP), 2004 U.S. Dist. LEXIS 6248, 2004 WL 789770, at *1 (S.D.N.Y. Apr. 13, 2004) (quoting *Yurman Design Inc. v. Chaindom Enterprises, Inc.*, No. 99 Civ. 9307 (JFK), 2003

WL 22047849, at *1 (S.D.N.Y. Aug. 29, 2003)). The decision to grant or deny a motion such as the one before the Court is within the sound discretion of the Court. *Id.*

Here, plaintiff asks the Court to review the Motion for Reconsideration of Sanctions he delivered to the Court on September 25, 2006, in which he argued that his failure to comply with discovery obligations and court orders was his counsels' fault and not his own. The Court carefully considered this argument before concluding in its June 12 Opinion that the fault was plaintiff's. As the Court noted in that Opinion, plaintiff was closely involved in every step of his case and was present at the conferences at which the Court established discovery deadlines and warned of sanctions for failure to comply. Given plaintiff's willful and egregious failure to comply with his discovery obligations, the only meaningful sanction left to the Court is dismissal of plaintiff's case.

Accordingly, plaintiff's motion for reconsideration is denied.

SO ORDERED.

Dated: New York, New York
June 12, 2007

Richard J. Holwell
United States District Judge